/IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MAURICE FASSETT, | ) | |
|     Plaintiff, | ) | C.A. No. 22-162 Erie |
| v. | ) | |
| | ) | |
| POPE FRANCIS OF VATICAN CITY | ) | District Judge Susan Paradise Baxter |
| ROME, et al., | ) | |
|     Defendants. | ) | |

## MEMORANDUM OPINION

Plaintiff Maurice Fassett commenced this proceeding by filing a motion to proceed *in forma pauperis* [ECF No. 1] and attaching to it a "complaint" directed against Defendants Pope Francis of Vatican City Rome and President of DC White House. The "complaint" consists of various disjointed phrases and run-on sentences that are largely unintelligible. In particular, Plaintiff alleges the following, in pertinent part:

> I was alone no one knew me, my people were kidnapped by Adolph Hitler, my family can't find our way back to Germany.... Every day, people think I'm crazy when I tell them I'm king of France, I never knew being me was that big, unto [sic] war was brought by Russia to Ukrain [sic].

(ECF No. 1-1, Section III B & Section IV). As relief for his claims, Plaintiff seeks a "ride to Vatican to fill saint's duties, and secrets of churches. To confess my sins" (Id., Section V).

The United States Court of Appeals for the Third Circuit has instructed the district courts to utilize a two-step analysis to determine whether to direct service of a complaint where the plaintiff seeks to proceed in forma pauperis. See Roman v. Jeffes, 904 F.2d 192, 194 n. 1 (3d Cir.1990). "First, the district court evaluates a litigant's financial status and determines whether

1

(s)he is eligible to proceed in forma pauperis under § 1915(a). Second, the court assesses the complaint under [§1915(e)(2)[1]] to determine whether it is frivolous." Id. (citing Sinwell v. Shapp, 536 F.2d 15 (3d Cir.1976)); Schneller v. Abel Home Care, Inc., 389 F. App'x 90, 92 (3d Cir. 2010). The Court finds that Plaintiff is without sufficient funds to pay the required filing fee. Thus, he will be granted leave to proceed *in forma pauperis*.

Pursuant to 28 U.S.C. § 1915(e)(2), as amended, "[t]he court shall dismiss the case at any time if the court determines that ... (B) the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." A claim is frivolous if it: 1) is based upon an indisputably meritless legal theory and/or, 2) contains factual contentions that are clearly baseless. Neitzke v. Williams, 490 U.S. 319, 327 (1989). Whether a complaint fails to state a claim under §1915(e) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), see Tourscher v. McCullough, 184 F.3d 236, 240 (3d Cir. 1999), which requires the court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quotations omitted). However, before dismissing a complaint for failure to state a claim upon which relief may be granted pursuant to § 1915, a court must grant the plaintiff leave to amend his complaint, unless the amendment would be inequitable or futile. See Grayson v. Mayview State Hosp., 293 F.3d 103, 114 (3d Cir. 2002).

Here, a review of plaintiff's "complaint" reveals that it (1) fails even to identify, much less properly state, a legal theory upon which relief can be granted and (2) is based upon stream of consciousness ramblings that are essentially unintelligible or, at best, merely bald and

---

[1] This provision was formerly codified as 28 U.S.C. §1915(d).

conclusory allegations of wrongdoing. Moreover, the "complaint" fails to establish any grounds upon which this Court may exercise either personal jurisdiction over the named Defendants or subject matter jurisdiction over the "claims" raised by Plaintiff. Having failed to provide any factual predicate for any cognizable action that may be heard by this Court, Plaintiff's "complaint" fails to state a claim upon which relief can be granted. Because further amendment would not be able to cure its deficiencies, the "complaint" will be dismissed with prejudice.

    An appropriate Order follows.